### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**   )  | **CASE NO. 8:08CR116** |
| )  | |
| **Plaintiff,**   )  | |
| )  | |
| vs.   )  | **TENTATIVE FINDINGS** |
| )  | |
| **MICHAEL LEE MOODY,**   )  | |
| )  | |
| **Defendant.**   )  | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 41). The Defendant also filed an index of evidence. (Filing No. 42.) The government adopted the PSR. (Filing No. 40.) *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to the amount of loss reflected in ¶ 35.[1] The remainder of the Defendant's statement regarding the PSR is essentially a motion for downward departure. (Filing No. 41.) The plea agreement includes a provision under Federal Rule of Criminal Procedure 11(c)(1)(B) that a downward departure to Zone B is reasonable and appropriate. In light of the lack of an issue regarding restitution and the parties' agreement regarding a downward departure, the issue of the loss amount appears to be moot if a departure to Zone B is granted. At sentencing, the Court will hear the Defendant's motion for deviation (Filing No. 41) and discuss the parties' agreement for a Zone B sentence. If the plea agreement is not honored, and a hearing regarding the loss issue is necessary,

---

[1] No objection is made to the suggested restitution amount. However, according to the PSR restitution is not requested.

the parties may move to continue the sentencing hearing to allow the parties to put on evidence.[2] The burden would be on the government by a preponderance of the evidence.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 41) will be heard at sentencing, unless the objection is withdrawn as moot;

2. The Defendant's motion for a deviation (Filing No. 41), and the parties' agreement regarding a downward departure to Zone B, will be discussed at sentencing;

3. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 23rd day of March, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[2]The Defendant requests leave to present at least 6 witnesses and anticipates that his portion of the hearing would take between 2 and 3 hours.